*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD FORD,

        Plaintiff-Appellant,

v

CITIZENS UNITED RECIPROCAL EXCHANGE,

        Defendant,

and

NICHOLAS HILL and CITY OF BIRMINGHAM,

        Defendants-Appellees.

UNPUBLISHED
October 27, 2025
8:35 AM

No. 372625
Oakland Circuit Court
LC No. 2023-199850-NF

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order of dismissal.[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was involved in two motor vehicle accidents within a short time frame. In the first accident, defendant Nicholas Hill, a Birmingham Police Officer, rear-ended plaintiff at a rate of speed estimated at between 10 to 12 miles per hour. About two weeks later, plaintiff was involved in a second car accident.

Plaintiff filed suit, seeking no-fault benefits from his insurer, defendant Citizens United Reciprocal Exchange (Citizens), and alleging negligence against Hill and Birmingham. Plaintiff's case was consolidated with two other, related cases. The defendants in those cases, including Hill

---

[1] Plaintiff appeals the final order dismissing the case, but challenges the trial court's earlier order denying his motion for reconsideration.

and Birmingham, eventually filed various motions for summary disposition. The trial court issued a scheduling order in plaintiff's case in connection with Citizens's motion, but it misfiled the scheduling order for Hill's and Birmingham's motion. As a result, the scheduling order related to Hill's and Birmingham's motion was not provided to plaintiff. The misfiled scheduling order would have imposed a stricter filing deadline on plaintiff, but, in the absence of the scheduling order, plaintiff's response was due at least seven days before the hearing on Hills' and Birmingham's motion. MCR 2.116(G)(1)(a)(*ii*). Plaintiff failed to file a timely response, and the trial court dispensed with oral argument and decided the motions on the merits. The trial court granted Hill's and Birmingham's motion for summary disposition.

Plaintiff subsequently moved for reconsideration. He acknowledged that he received Birmingham's and Hill's motion to dismiss, but argued that the trial court should accept a late responsive brief from him because the trial court's mistake in filing the scheduling order contributed to plaintiff's confusion. Plaintiff further contended that genuine issues of material fact remained rendering summary disposition inappropriate. The trial court found no palpable error, noting that, regardless of the court's error related to the scheduling order, plaintiff was still required to submit his response at least seven days before the hearing under the court rules. Thus, the trial court denied plaintiff's motion. Plaintiff now appeals.

## II. STANDARD OF REVIEW

"We review a trial court's ruling on a motion for reconsideration for an abuse of discretion." *Shenandoah Ridge Condo Ass'n v Bodary*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 364972); slip op at 6. "Such an abuse of discretion generally occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks, brackets, and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred in denying his motion for reconsideration because the trial court's scheduling order mix-up was the cause of plaintiff's failure to file a response to defendants' motion for summary disposition, and a genuine issue of material fact remained rendering summary disposition inappropriate. We disagree.

To prevail on a motion for reconsideration, a party "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Shenandoah Ridge Condo Ass'n*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). The trial court concluded that plaintiff failed to demonstrate any palpable error, because the misfiled scheduling order did not excuse him from the filing deadline set forth in MCR 2.116(G)(1)(a)(*ii*). It is undisputed that plaintiff received notice of the hearing date for Hill's and Birmingham's motion. Thus, plaintiff, in the absence of a different period set by the trial court, was required to file his response at least seven days before

the hearing. MCR 2.116(G)(1)(a)(*ii*). He did not.[2] The trial court was, therefore, not required to consider plaintiff's late responsive arguments, and did not abuse its discretion in denying his motion for reconsideration.[3]

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[2] In its order denying reconsideration, the trial court also noted that its staff attorney sent an e-mail to all attorneys involved in the case, confirming the date of the motion hearing. In the e-mail, the court's staff attorney also clarified that the court had not received a response from plaintiff for Hill's and Birmingham's motion for summary disposition. Thus, the trial court put plaintiff on notice that it had not received his response. However, the actual e-mail exchanges were not part of the lower court record, and, while plaintiff attempts to supplement the record by providing them on appeal, "[t]his Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). We therefore decline to consider these e-mail exchanges beyond what is referenced by the trial court in its order.

[3] We need not address whether the trial court should have considered the substantive arguments presented in plaintiff's motion for reconsideration about the existence of genuine issues of material fact, or the merits of those arguments, because plaintiff failed to demonstrate palpable error. *Shenandoah Ridge Condo Ass'n*, ___ Mich App at ___; slip op at 6 (requiring a party to demonstrate palpable error *and* a different outcome).